T.C. Summary Opinion 2009-92


UNITED STATES TAX COURT


JOSEPH HAKIM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15227-07S.              Filed June 8, 2009.


Joseph Hakim, pro se.

<u>Catherine S. Tyson</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,254 in petitioner's Federal income tax (tax) for his taxable year 2005.

We must decide whether petitioner is entitled for his taxable year 2005 to exclude from gross income discharge of indebtedness of $7,239.[2]  We hold that he is not.

## Background

Some of the facts have been stipulated and are so found.

Petitioner resided in Iowa at the time he filed the petition in this case.

During the period February 2002 to September 2004, petitioner used his Advanta Bank credit card to purchase certain items for, inter alia, his business known as Mr. Computers USA.

For at least part of 2005 petitioner maintained with John Deere Community Credit Union (John Deere Credit Union) separate accounts in the respective names of (1) A+ Entertainment Agency, (2) Power Jam Productions (Power Jam), (3) Mr. Computers USA, and (4) Joseph B. Hakim.  As of July 31, 2005, the balance in those four accounts totaled $2,737.41.

In 2005, petitioner and Advanta Bank reached an agreement with respect to petitioner's Advanta Bank credit card debt under which that bank reduced that debt by $7,239.  (We shall refer to

---

[2]There is another question relating to a determination in the notice of deficiency that respondent issued to petitioner for his taxable year 2005, the resolution of which flows automatically from our resolution of the issue that we address herein.

the amount by which Advanta Bank reduced petitioner's Advanta Bank credit card debt as petitioner's debt.)

Advanta Bank issued to petitioner Form 1099-C, Cancellation of Debt (Advanta Bank's Form 1099-C), with respect to his taxable year 2005. In that form, Advanta Bank showed that petitioner had $7,239 of debt canceled.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2005 (2005 return), in which he claimed a refund of $2,723. In petitioner's 2005 return, petitioner reported only "Business income" of $14,689. He did not include in gross income in that return the $7,239 of canceled debt that Advanta Bank showed in Advanta Bank's Form 1099-C that it issued to petitioner for his taxable year 2005.

Petitioner included as part of his 2005 return a separate Schedule C, Profit or Loss From Business (Schedule C), for what he identified therein as (1) Mr. Computers USA (2005 Mr. Computers USA Schedule C), (2) Power Jam, and (3) A Entertainment. In the 2005 Mr. Computers USA Schedule C, petitioner claimed for 2005 beginning inventory of $17,537, purchases of $9,561, closing inventory of $18,572, cost of goods sold of $8,526, and gross income of $27,990.

In petitioner's 2005 return, petitioner claimed with respect to one or more of his Schedule C businesses use of (1) three vehicles identified as a 1994 Plymouth Voyager, a 1994 Dodge

Caravan, and a 1992 Plymouth Voyager and other unidentifed vehicles and (2) a house.

On November 29, 2007, petitioner submitted to respondent Form 1040X, Amended U.S. Individual Income Tax Return, for his taxable year 2005 (2005 amended return). Petitioner included as part of his 2005 amended return an amended Schedule C for Mr. Computers USA. In that amended schedule, petitioner claimed for 2005 beginning inventory of $17,537, purchases of $2,322, closing inventory of $11,333, cost of goods sold of $8,526, and gross income of $27,990. In his 2005 amended return, petitioner also showed an adjustment of $206 to adjusted gross income that was attributable to an increased deduction that he claimed for self-employment tax. By claiming in his 2005 amended return that increased self-employment tax deduction, petitioner was able to request a refund in the same amount (i.e., $2,723) as the amount of refund that he requested in his 2005 return.

On December 3, 2007, petitioner submitted to respondent Form 982, Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment) (petitioner's Form 982). In that form, petitioner entered $7,239 on line 10.[3] That amount

_____

[3]Line 10 of petitioner's Form 982 required him to include on that line the amount of discharge of indebtedness excluded from gross income "Applied to reduce the basis of nondepreciable and depreciable property if not reduced on line 5. DO NOT use in the case of discharge of qualified farm indebtedness". Line 5 of petitioner's Form 982, which line 10 of that form referenced,
(continued...)

was equal to the amount of petitioner's debt that Advanta Bank canceled in 2005. Although required to do so by Form 982, petitioner did not indicate in petitioner's Form 982 (1) why Advanta Bank's cancellation of petitioner's debt is excludable from his gross income for his taxable year 2005 or (2) the total amount of that canceled debt that he excluded from his gross income for that year.

Petitioner filed a tax return for his taxable year 2006. Petitioner included as part of that return Schedule C for Mr. Computers USA. In that schedule, petitioner claimed for 2006, inter alia, beginning inventory of $18,572, which was the amount that he claimed as closing inventory in the 2005 Mr. Computers USA Schedule C. As of the date of the trial in this case, petitioner had not filed an amended tax return for his taxable year 2006.

Respondent issued a notice of deficiency to petitioner for his taxable year 2005. In that notice, respondent determined that petitioner has cancellation of debt income of $7,239.

---

[3](...continued)
required petitioner to include on that line 5 the amount of discharge of indebtedness excluded from gross income "That you elect under section 108(b)(5) to apply first to reduce the basis (under section 1017) of depreciable property". Petitioner made no entry on line 5 of petitioner's Form 982.

## Discussion

Petitioner bears the burden of proving error in the determination that he has cancellation of debt income of $7,239.[4]  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) defines the term "gross income" broadly to mean all income from whatever source derived, including income from discharge of indebtedness (DOI).  See sec. 61(a)(12). Section 108(a) provides certain exceptions to section 61(a)(12). As pertinent here, section 108(a)(1)(B) excludes from gross income any amount that otherwise would be includible in gross income by reason of the discharge in whole or in part of indebtedness of the taxpayer if the discharge occurs when the taxpayer is insolvent.  The amount of DOI income excluded under section 108(a)(1)(B) is not to exceed the amount by which the taxpayer is insolvent.  See sec. 108(a)(3).  The term "insolvent" is defined in section 108(d)(3) as follows:

> SEC. 108(d).  Meaning of Terms; Special Rules Relating to Certain Provisions.--
>
> *     *     *     *     *     *     *
>
> (3) Insolvent.--For purposes of this section [108], the term "insolvent" means the excess of liabilities over the fair market value of assets. With respect to any discharge, whether or not the taxpayer is insolvent, and the amount by which the taxpayer is insolvent, shall be determined on the

---

[4]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a).

basis of the taxpayer's assets and liabili-
ties immediately before the discharge.

In support of his position that he does not have $7,239 of DOI income for his taxable year 2005, petitioner argues that, because petitioner's debt that Advanta Bank discharged was principally attributable to his purchases of certain inventory that he had not sold as of the time that bank canceled that debt and because that inventory is not includible in his income until sold, Advanta Bank's discharge of petitioner's debt should not be includible in his income. Petitioner's argument has no basis in law. We reject that argument.

In further support of his position that he does not have $7,239 of DOI income for his taxable year 2005, petitioner argues that he was insolvent at the time of Advanta Bank's discharge of petitioner's debt. In support of that argument, petitioner relies on his testimony and certain documentary evidence.

We turn first to petitioner's testimony. We found his testimony to be self-serving, conclusory, and uncorroborated in material respects. We are not required to, and we shall not, rely on that testimony to establish that petitioner was insolvent at the time of Advanta Bank's discharge of petitioner's debt.

We turn now to the documentary evidence on which petitioner relies. That evidence consists of (1) a list that he prepared shortly before the trial in this case of the assets and liabili-ties that he contends he had immediately before Advanta Bank

discharged petitioner's debt (petitioner's list of assets and liabilities) and (2) certain Kelley Blue Book Web site printouts (Kelley Blue Book printouts) for certain models of certain vehicles. Petitioner's list of assets and liabilities is nothing more than a self-serving, conclusory, and uncorroborated list of the claimed fair market values of the assets and the claimed amounts of the liabilities that petitioner contends he had immediately before Advanta Bank's discharge of petitioner's debt. The Kelley Blue Book printouts show that book's values as of February 2, 2009, the date of the trial in this case, of certain models of certain vehicles that petitioner contends he owned immediately before that discharge.[5] We are not required to, and we shall not, rely on petitioner's list of assets and liabilities and the Kelley Blue Book printouts to establish that petitioner was insolvent at the time of Advanta Bank's discharge of petitioner's debt.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he was insolvent within the meaning of section 108(d)(3) at the time of Advanta Bank's discharge of petitioner's debt.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of estab-

---

[5]In fact, petitioner did not claim in his 2005 return business use of the model vehicle to which one of the Kelley Blue Book printouts pertained.

lishing that he does not have $7,239 of DOI income for his taxable year 2005.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.[6]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6]It appears that petitioner may be claiming that he is entitled under sec. 108(b) to reduce the respective bases of certain assets that he owned. We reject that claim. As pertinent here, sec. 108(b) applies only in the event that discharge of a debt is excluded from income under sec. 108(a)(1)(B). See sec. 108(b)(1). We have rejected petitioner's argument under sec. 108(a)(1)(B).